## WILLIAMS v. WERNER et al.
### No. 5791.

Court of Appeal of Louisiana. Second Circuit.

March 8, 1939.

Rehearing Denied March 31, 1939.

Writ of Certiorari and Review Denied May 29, 1939.

Isaac Abramson, of Shreveport, for appellant.

Blanchard, Goldstein, Walker & O'Quin, E. W. & P. N. Browne, and Chas. B. Emery, all of Shreveport, for appellees.

HAMITER, Judge.

At about 3:30 o'clock in the afternoon of August 17, 1937, H. E. Williams, Jr., aged 17, was riding his bicycle along Milam street in the City of Shreveport, Louisiana, and met death when he fell beneath a moving truck with attached trailer, owned by W. H. Werner and driven by one Tom Graham. The accident occurred near the intersection of the mentioned street with Elder street, and in close proximity to a parked truck belonging to the Shreveport 7-Up Bottling Company, Inc., and in charge of one J. C. LeMaster.

The father of the child instituted this suit against the owners of both trucks to recover damages for such death. He charges that the accident was caused by the combined negligence of the operators of the machines, who were employees of the respective defendants and engaged in the course and scope of their employment at the time.

With reference to the manner in which the son was killed, plaintiff sets forth in the petition, as paraphrased in his counsel's brief, that,—"While attempting to pass the truck belonging to the Seven-Up Bottling Company, Inc., one of the defendants, he was overtaken by a truck belonging to the defendant, W. H. Werner, which was passing him at very close range. Just as he reached a point even with the door of the Seven-Up truck, the driver of the truck opened the door on the street side, striking the handle bars of the boy's bicycle, which in turn caused him to fall under the rear wheels of the Werner truck, resulting in the death of the boy shortly thereafter."

Separate answers were filed by defendants. Both denied that their respective employees were in any way negligent.

W. H. Werner, in the alternative, pleads contributory negligence on the part of the boy, averring that the latter, while riding his bicycle, was holding onto the moving truck or trailer at a point thereon where he could not be seen by the driver, and for some reason was thrown beneath the machine as it passed the parked vehicle of the other defendant.

The Shreveport 7-Up Bottling Company, Inc., specifically denies that the door of its truck was opened while the child was in the act of passing, as charged by plaintiff. It avers, alternatively, that plaintiff's son was contributorily negligent in that he accelerated the speed of his bicycle and attempted to pass between the two trucks.

The district court rejected plaintiff's demands, after a trial of the merits of the case, and he appealed.

The case presents only questions of fact. The testimony of 25 different witnesses, recorded on 239 typewritten pages, is found in the record. Many details surrounding the accident's occurrence, important to a decision of the controversy, are disputed; and the veracity of most of the witnesses testifying is questioned. A discussion of the various conflicts and a résumé of the testimony given by each witness would afford no benefit to anyone, and such will not be attempted in this opinion. We shall merely state the pertinent facts, as we find them after a careful and thorough study of all of the evidence, and then give the conclusions reached therefrom.

Milam street runs generally in an easterly and westerly direction. It is intersected by Elder and Norma streets, the latter being approximately 660 feet east of the former. Situated on the northeast corner of the intersection of Milam and Elder streets is a grocery store. On the occurrence of the accident, and for a short period of time prior thereto, the truck of defendant Shreveport 7-Up Bottling Company, Inc., was stationary on Milam street, in front of said grocery store, facing toward the west. Its right wheels were about 12 inches from the north curb.

During the afternoon in question, Werner's truck and attached trailer left the Werner plantation and traveled to the City of Shreveport. In the trailer were many colored persons who had been engaged in picking cotton and were then being transported to their homes. This combination vehicle reached Milam street and was driven west thereon by its operator, Tom Graham. A stop was made a short distance beyond or west of the Norma street intersection, where one of the occupants was permitted to descend therefrom. At this place plaintiff's son was noticed by the driver and by some of the cotton pickers. He was standing with his bicycle, on the right of and opposite the truck, and near the curb and sidewalk. Greetings were there exchanged between him and Graham. Thereafter, the truck was again set in motion and its westerly journey continued. The child then mounted the bicycle and proceeded in the direction in which the motor propelled vehicle was moving. At first he was to its rear, but later he traveled alongside and to the right of it. At no time, however, did he reach a point opposite the driver, after the trip was resumed, and, consequently, was not observed by the latter.

When the Werner machine was nearing a point opposite the rear of the parked truck of the Shreveport 7-Up Bottling Company, Inc., and traveling at a moderate rate of speed, the boy accelerated the pedaling of his bicycle and sought to ride between the two trucks. A space of only a few feet intervened. The attempt was unsuccessful. He fell beneath the right rear wheel of the trailer, after either striking the left side of the other machine or losing his balance in some other manner. The door of the parked truck was not opened, as plaintiff contends, and the boy at no time clung or held to the side of the Werner truck.

The above recited facts, which obviously are the same as found by the trial judge, disclose no negligence on the part of either of the truck operators.

Accordingly, the judgment is affirmed.